**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna L. Davis, an unmarried woman; et al., ) ) ) Plaintiffs, ) ) vs. ) ) Lowes HIW, Incorporated, a corporation; et al. ) ) ) Defendants. ) ) | No. CV-08-08104-PCT-LOA **ORDER TO SHOW CAUSE** |

      This matter arises on the Court's review of the file. Defendant Lowes HIW, Incorporated, filed the Notice of Removal from Yavapai Superior Court on August 26, 2008. (docket #1) On August 27, 2008, the Court issued a Notice of Assignment and Order, docket #2, ordering Defendant to file on or before Monday, September 8, 2008 its written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge. As of today's date, the Defendant has failed to file its written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

      The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." See, *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del.1992). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules

of Civil Procedure] that [the Rules] 'be construed to secure the just, *speedy* and inexpensive determination of every action.' " *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis added). Defendant's failure to timely comply with the Court's prior order is frustrating the speedy and inexpensive resolution of this case.

Absent the express consent of all the parties, a United States magistrate judge does not have the statutory or constitutional authority to try a civil case to judgment or rule upon a dispositive motion. 28 U.S.C. §636(b)(1)(A). The Magistrates Act, however, permits magistrate judges to conduct all proceedings in civil cases if the parties expressly consent: "Upon consent of the parties, a . . . United States magistrate judge . . . may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." *Hanson v. Mahoney*, 433 F.3d. 1107, 1111 (9th Cir. 2006) (citing 28 U.S.C. § 636(c)(1)); *Gomez v. United States*, 490 U.S. 858, 865-872 (1989) (outlining the evolution of the Act). No precise written form is required to consent to a magistrate judge or to elect an assignment of a civil case to a district judge. *Kofoed v. IBEW, Local 48*, 237 F.3d 1001, 1004 (9th Cir.2001); Fed. R. Civ. 73(b), Advisory Committee note.

Any party is free to withhold consent to magistrate judge jurisdiction and elect to proceed before a district judge without adverse consequences. 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir.2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. § 636(c)).

Pursuant to *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial courts have the inherent power to control their dockets and in the exercise of that power, they may impose or recommend sanctions.

Accordingly,

**IT IS ORDERED** that Defendant Lowes HIW, Incorporated, show cause in writing on or before **Thursday, September 25, 2008** why Defendant and/or its counsel should not be sanctioned pursuant to the Court's inherent authority for failing to comply with the Court's prior order, including remand of this action back to State court. If Defendant complies with the

1   Court's August 27, 2008 Order **on or before 5:00 p.m. on Thursday, September 25, 2008** or
2   if Defendant has already done so but its consent or election has not yet been docketed by the
3   Clerk, the undersigned will automatically discharge and vacate this OSC without imposing any
4   sanctions.

5       DATED this 12th day of September, 2008.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge