**LAW OFFICES OF**
**THARPE & HOWELL**
2198 East Camelback Road, Suite 325
Phoenix, Arizona 85016
Tel: (602) 340-1234 ~ Fax: (602) 944-0908

JOHN D. HARRIS - #007407
KRISTIAN E. NELSON - #025111
MICHAEL J. KUEHN - #024834
*Attorneys for Defendant Lowe's HIW, Incorporated*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna L. Davis, an unmarried woman; Ronald E. Gerhart and Shirley M. Gerhart, husband and wife; S. Sue Harvey, an unmarried woman; Lois D. Pike, an unmarried woman; Linda Schwab, an unmarried woman; Keith R. Touw and Connie Touw, husband and wife; Margaret Valenta, an unmarried woman; Richard Wasmer, an unmarried man; and James Helms and Caroline Helms, husband and wife,<br><br>         Plaintiffs,<br><br>   vs.<br><br>Lowes HIW, Inc., a corporation; JOHN DOES, I-V, JANE DOES 1-5, BLACK CORPORATIONS I-V, WHITE PARTNERSHIPS I-V,<br><br>         Defendants. | No. CV 08-8104-PCT-FJM<br><br>**DEFENDANT LOWE'S HIW, INC.'S RESPONSE TO PLAINTIFFS' RENEWED APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION** |

Defendant Lowes HIW, Inc., a corporation, which Defendant's true name is Lowe's HIW, Inc., a Washington corporation, (hereinafter referred to as "Defendant" or "Lowe's"), by

-1-

and through undersigned counsel, pursuant to the Court's October 6, 2008 and October 15, 2008 minute orders, hereby files its Response to Plaintiffs' Renewed Application for Temporary Restraining Order, Preliminary Injunction. Lowe's objects to Plaintiffs' Renewed Application for Temporary Restraining Order, Preliminary Injunction and requests that the Court deny the relief requested. Lowe's Response is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

On July 25, 2008, Plaintiffs filed a First Amended Complaint in the Yavapai County Superior Court, State of Arizona, alleging claims of Private Nuisance, Trespass, Negligence and Permanent Injunction. Along with their Complaint, Plaintiffs filed an Application for a Temporary Restraining Order, Preliminary Injunction. Lowe's responded by filing a Notice of Removal based on diversity of citizenship. Subsequently, this matter was removed to the United States District Court for the District of Arizona.

After completion of the removal, Lowe's filed its Answer to Plaintiffs' Complaint. On October 2, 2008, Plaintiffs filed a Renewed Application for a Temporary Restraining Order, Preliminary Injunction. Plaintiffs' Application states that Lowe's conduct interferes with the quiet use and enjoyment of their properties and, therefore, Plaintiffs request that this Court issue a temporary restraining order and preliminary injunction prohibiting Lowe's from conducting certain activities during the hours of 10:00 p.m. to 6:00 a.m. Lowe's objects to Plaintiffs' Renewed Application and files the instant Response.

1    In 2005, Defendant Lowe's approached the City of Prescott about opening a home improvement warehouse center in Prescott, Arizona. *See* Affidavit of Gregory Finley Pg. 2, ¶ 3 attached hereto as Exhibit 1 and incorporated by reference herein.  On May 24, 2005, the City of Prescott approved a Resolution to enter into a development agreement with Lowe's for the construction of a commercial home improvement store (hereafter referred to as the "Store") to be located within the City of Prescott. *See* Affidavit of Gregory Finley Pg. 2, ¶ 4.

In January of 2007, Lowe's began constructing its Store at 2300 E. State Route 69, Prescott, Arizona 86301. *See* Affidavit of Gregory Finley Pg. 3, ¶ 8. The Store is located along State Route 69, directly south of Prescott Canyon Estates subdivision (hereafter sometimes referred to as "PCE"). *See* Affidavit of Gregory Finley Pg. 2, ¶ 5. The PCE is made up of 257 single-family homes, whose owners belong to the Prescott Canyon Estates Homeowners Association. *See* Affidavit of Gregory Finley Pg. 2, ¶ 7. The Plaintiffs in this action each own property in the PCE and are members of the Prescott Canyon Estates Homeowners Association. *See* Affidavit of Gregory Finley Pg. 2, ¶ 7. Construction of the Lowe's Store continued throughout the 2007 calendar year and was substantially completed by November, 2007. *See* Affidavit of Gregory Finley Pg. 3, ¶ 8. The Lowe's Store opened its doors for business in November of 2007. *See* Affidavit of Gregory Finley Pg. 3, ¶ 8.

Along the northern boundary of the Lowe's Store premises, adjacent to the PCE, is a mechanically stabilized earth ("MSE") wall. *See* Affidavit of Gregory Finley Pg. 3, ¶ 9. The MSE wall is a compacted soil mass which has concrete facing panels that face north toward the PCE property. *See* Affidavit of Gregory Finley Pg. 3, ¶ 9. During December, 2007, and February of 2008, portions of the concrete facing panels loosened from the soil and fell to the

1 base of the MSE wall.  *See* Affidavit of Gregory Finley Pg. 3, ¶ 10.  Lowe's immediately

2 responded to the facing panel problems by securing the safety of the Lowe's premises and the

3 areas immediately adjacent to the MSE wall.  *See* Affidavit of Gregory Finley Pg. 3, ¶ 11.

4 Lowe's also retained the services of geotechnical and structural engineers to (1) evaluate the

5 stability of the MSE wall, (2) to determine the cause of the failures and (3) to design a repair

6 solution.  *See* Affidavit of Gregory Finley Pg. 3, ¶ 11.

7     Lowe's continues to communicate and coordinate with the City of Prescott, the

8 Prescott Canyon Estates Homeowners Association and individual homeowners adjacent to the

9 MSE wall to ensure the proper safety measures are taken.  In January, 2008, Lowe's purchased

10 one of the residences adjacent to the MSE wall and moved the homeowner to another

11 residence that he selected.  The engineers retained by Lowe's also continued to investigate the

12 MSE wall and designed a number of repair options.  *See* Affidavit of Gregory Finley Pg. 3, ¶

13 14.   These repair options were discussed with members of the Prescott Canyon Estates

14 Homeowners Association in mid-May and after considering their input, Lowe's presented a

15 repair plan to the City of Prescott.  *See* Affidavit of Gregory Finley Pg. 3, ¶ 14.  At present,

16 Lowe's continues to discuss the repair solution with the City of Prescott and is maintaining

17 regular contact with the Prescott Canyon Estates Homeowners Association so that they are

18 fully aware of all progress towards a repair solution.  *See* Affidavit of Gregory Finley Pg. 3, ¶

19 14.

20     Since the inception of this project, Lowe's has complied with all Federal, State, County

21 and City laws and ordinances.  *See* Affidavit of Gregory Finley Pg. 4, ¶ 15.  Prior to and

22 during construction, Lowe's secured all of the necessary City, County and State permits and

THARPE & HOWELL
1202 EAST MISSOURI, SUITE 225
PHOENIX, ARIZONA 85014

licenses required to construct and operate the Store.  *See* Affidavit of Gregory Finley Pg. 4, ¶ 16.  Through the date of this pleading, Lowe's has not been issued a citation for violating the City of Prescott Noise Ordinance. *See* Affidavit of Gregory Finley Pg. 4, ¶ 18.

## II.     LEGAL ANALYSIS

### A.  PLAINTIFFS FAIL TO REQUEST RELIEF UNDER THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs' Renewed Application for Temporary Restraining Order, Preliminary Injunction requests relief pursuant to Rule 65(d) of the Arizona Rules of Civil Procedure.  Although such request would be valid if this matter remained in the Yavapai County Superior Court, this matter has been remanded to the United States District Court for the District of Arizona.  Therefore, the proper request for relief is to be sought under Rule 65 of the Federal Rules of Civil Procedure.  Plaintiffs must be required to follow the most basic rules of pleading and procedure when requesting relief.  Accordingly, Plaintiffs' Application should be denied on procedural grounds.

### B.  PLAINTIFFS' APPLICATION DOES NOT ESTABLISH THE REQUIRED EQUITABLE CRITERIA FOR OBTAINING A PRELIMINARY INJUNCTION.

Before a preliminary injunction is issued, the party requesting such relief must prove that each of the four (4) traditional equitable criteria is met:

1.     a strong likelihood of success on the merits;

2.     the possibility of irreparable injury to the Plaintiff if the request for relief is not granted;

3.     a balance of hardship favoring the plaintiff; and

1     4.    advancement of public interest.

Justice v. National Collegiate Athletic Association, 577 F.Supp. 356, 363 (D.Ariz. 1983). Plaintiffs have not met their burden of proof because they have not established any of the equitable criteria required.

### 1. **PLAINTIFFS ARE UNLIKELY TO SUCCEED AT TRIAL ON THE MERITS.**

#### a. **Private Nuisance**

Plaintiffs' first cause of action is for a private nuisance. A private nuisance is an interference with a specific person or persons' interest and enjoyment of his or her property. Armory Park Neighborhood Ass'n v. Episcopal Community Servs. in Ariz., 148 Ariz. 1, 4, 712 P.2d 914, 917 (1985). The interference must constitute "more than a slight inconvenience or petty annoyance . . . as [t]he law does not concern itself with trifles, and therefore there must be a real and appreciable invasion of plaintiffs' interest." Graber v. City of Peoria, 156 Ariz. 553, 555, 753 P.2d 1209, 1211 (Ariz. Ct. App. 1988). When the interference is noise, it "must . . . produce a substantial injury, and the annoyance must be such to injure or annoy a normal person.) Kubby v. Hammond, 68 Ariz. 17, 198 P.2d 134 (1948).

#### i. **Lowe's Actions Are Reasonable**

The City of Prescott Noise Ordinance (Ord. 4053, Sect. 5-4-1), (hereafter and sometimes referred to as the "Noise Ordinance") provides that the creating, permitting or allowing of an unreasonably loud and disturbing noise within the city limits is prohibited.

> An "unreasonably loud and disturbing noise" is hereby defined as a noise of such character, intensity or duration as to be detrimental to the life or health or well-being of any individual, or as to disturb the public peace and quiet of a neighborhood, family or person.

Section 5-4-2(E) of the City of Prescott Noise Ordinance limits "[o]utdoor noise occurring during the course of construction . . . between the hours of six o'clock (6:00) A.M. and eight o'clock (8:00) P.M."

Construction after 8:00 p.m. and before 6:00 a.m. may constitute a violation of the City of Prescott Noise Ordinance and may further constitute a nuisance. Lowe's acknowledges that certain subcontractors, without the knowledge of Lowe's, did perform emergency construction work on Lowe's Store site after 8:00 p.m. and before 6:00 a.m. Lowe's, upon learning of such actions, immediately discussed the matter with the general contractor and directed it to take immediate action to abide by all statutes, ordinances and regulations in furtherance of their activities, especially involving hours of construction work and associated noise. *See* Affidavit of Gregory Finley Pg. 3, ¶¶12-13.

In response to the sounds allegedly emanating regularly from Lowe's Store property, such business operation-type sounds and noises are not unreasonable. Plaintiffs allege various activities that are said to take place on Lowe's property including, but not limited to, truck engines running, unloading and moving materials, clanging, shouting, yelling, beeping and noise from the Store's intercom system. Plaintiffs have contacted the City of Prescott Police Department on a number of occasions claiming that such noise violates the Noise Ordinance. As Plaintiffs' state in their Complaint and in their Application, the City of Prescott Police Department has not issued any citations to Lowe's.

### ii.     Lowe's Has the Right to Make Reasonable Use of its Land

On February 1, 2006, Lowe's purchased the real property on which the Store was constructed. At such time, Lowe's acquired the legal right to make reasonable use of its

1 property. Arizona law provides "that an owner may make a reasonable and lawful use of his
2 property." McDonald v. Perry, 32 Ariz. 39, 50, 255 P. 494, 498 (Ariz. 1927). Lowe's
3 property is zoned for commercial use. Lowe's current use of the property is not only permitted
4 under the City of Prescott Zoning Ordinances and Building Codes, but such use is also
5 common for its location adjacent to State Route 69 and its location within the City of Prescott.

6 In determining the reasonableness of one's use of its property in nuisance actions, courts
7 should consider "all circumstances including the locality and character of the surroundings".
8 McQuade v. Tucson Tiller Apartments, LTD., 25 Ariz.App. 312, 314, 543 P.2d 150, 152
9 (1975), *See also* Spur Industries, Inc. v. Del E. Webb Development Co., 108 Ariz. 178,184,
10 494 P.2d 700, 706 (1972). In reviewing the locality and surroundings of the Lowe's Store, this
11 Court will gather that the Store directly abuts Route 69, a multi-lane freeway and main artery
12 to and from Prescott, is located on commercially zoned property and is surrounded by large
13 businesses. After reviewing these factors, it is apparent that Lowe's is making reasonable use
14 of its property considering its location and the surrounding environment.

15 **b. Trespass**

16 Plaintiff's second cause of action is for trespass. Arizona law requires that there be "an
17 actual physical entry on the Plaintiff's land" to constitute a trespass. Brentson Wholesale, Inc.
18 v. Arizona Public Service Company, 166, Ariz. 519, 523, 803 P.2d 930, 934 (1990)(emphasis
19 added). Plaintiffs did not allege nor can they prove that Lowe's or any of its employees or
20 agents entered onto any of Plaintiffs' properties without their consent. Therefore, Plaintiff will
21 not succeed on the trespass cause of action.

22

### c. Negligence

Plaintiffs' final cause of action is for negligence. To establish a claim of negligence, the Plaintiffs are required to prove: (i) the existence of a duty; (ii) Lowe's breach of that duty; (iii) a causal connection between the breach and resulting injury; and (iv) actual damages. Grafitti – Valenzuela *exrel*. Grafitti v. City of Phoenix, 216 Ariz. 454, 457, 167 P.3d 711, 714 (Ariz. Ct. App. 2007). Plaintiffs fail to allege that Lowe's owes any duty to any of the Plaintiffs and, indeed, Plaintiffs cannot establish that Lowe's owes them any duty. Generally, a duty can arise from the recognition that a relationship between individuals may impose on one person a legal obligation to benefit another. De La Cruz v. State, 192 Ariz. 122, 124, 961 P.2d 1070, 1072 (Ariz. App. 1998). A duty can be created by a variety of different relationships, including, but not limited to, common carrier-passenger, inn-keeper-guest, land owner-invitee, custodian-ward or employee-employer. Bogue v. Better-Bilt Aluminum Co., 179 Ariz. 22, 34, 875 P.2d 1327, 1339 (Ariz. App. 1994). In addition, a duty may also be established or created by contract or statute. Plaintiffs did not, and are unable to assert that Lowe's owed them (or any of them, individually) a duty as there is no relationship between any of the Plaintiffs and Lowe's based upon the common law, statute or contract.

### 2. PLAINTIFFS WILL NOT BE IRREPARABLY INJURED IF THEIR APPLICATION IS DENIED BECAUSE THE CITY OF PRESCOTT NOISE ORDINANCE SUFFICIENTLY PROTECTS THEIR INTERESTS.

Plaintiffs request that Lowe's be ordered by this Court to abide by the City of Prescott Noise Ordinance. As a matter of law, Lowe's is required, without the requested injunction, to abide by the City's Noise Ordinance. To date, the City of Prescott has not issued a citation against Lowe's for any alleged Noise Ordinance violations. Such inaction should be an

indication to this Court that Lowe's is in compliance with the appropriate City of Prescott Noise Ordinance. Lowe's also provides an Affidavit herein of Lowe's employee Gregory T. Finley, P.E. in support of Lowe's interest in complying with the Noise Ordinance and supervision of its construction contractors.

Further, Lowe's asserts that it **will** comply with all applicable statutes and ordinances concerning noise, zoning and construction. As such, an injunction from this Court is not needed nor should one be granted. As a general rule, "an injunction will be denied [by the Court] where the defendant denies intent to continue the acts sought to be enjoined and there is nothing to show falsity of his denial." Baldwin v. Ariz. Flame Rest., Inc., 82 Ariz. 385, 392, 313, P.2d 759, 764 (1957). As Lowe's has complied with the subject Noise Ordinance and is willing to comply with same in the future, there is nothing in the record that should lead this Court to believe that Lowe's will act in such a way in the future to entitle Plaintiffs to the relief requested herein.

### 3. A BALANCE OF THE HARDSHIPS DOES NOT FAVOR PLAINTIFFS.

As argued above, Plaintiffs have not established that they will be injured if their Application for a preliminary injunction is denied. Plaintiffs are unlikely to succeed at trial and, therefore, the issuance of a preliminary injunction would place an undue hardship on Lowe's by requiring it to take additional measures to monitor compliance with the injunction. Lowe's already has a number of procedures in place to monitor compliance with the applicable statutes, regulations and ordinances (including the City of Prescott Noise Ordinance); placing additional restrictions by way of an injunction will only create a further burden. In addition, Lowe's will be subject to the "whim" of any Plaintiff, who may just be complaining for the

1  purpose of "hauling" Lowe's back into court. The City of Prescott Noise Ordinance has
2  adequate civil and criminal remedies for any violation. Thus, further court imposed penalties
3  would be unjust and place further undue hardship on Lowe's because they would constitute an
4  interference with and taking of Lowe's property by restricting its ability to operate its Store in
5  a commercially zoned area.

### 4. THE PUBLIC INTEREST IS NOT ADVANCED BY A PRELIMINARY INJUNCTION.

Lowe's constructed its Store directly adjacent to Arizona State Route 69. This highway is five (5) lanes wide and serves as a major artery through Prescott. Many large businesses, including Wal-Mart, Home Depot and various automobile dealerships have also constructed stores directly adjacent to State Route 69. By granting Plaintiff's Application, the Court could ultimately limit similar large stores from operating on land that has been zoned as commercial property. Granting an injunction of this type -- one that would be unduly broad, overly burdensome and ordering relief which is already required by law -- would allow homeowners adjacent to any large retail store to be able to seek an injunction due to any increase in traffic and/or noises emanating from the lawful operation of a commercial establishment. Further, such an injunction could also cause great inconvenience to the general public if large retail-type stores were required to locate their businesses away from highly populated areas due to the risk of court imposed limitations, in addition to State statutes, common laws, and city and county ordinances.

/../../

/../../

/../../

## III. CONCLUSION

Since Plaintiffs' cannot establish the equitable criteria required for the issuance of a Preliminary Injunction, Lowe's requests that Plaintiffs' Renewed Application for Temporary Restraining Order, Preliminary Injunction be denied.

DATED this 16th day of October, 2008.

THARPE & HOWELL

By:    /s/ John D. Harris
      John D. Harris, Esq.
      Kristian E. Nelson, Esq.
      Michael J. Kuehn, Esq.
      2198 East Camelback Road, Suite 325
      Phoenix, Arizona  85016
      *Attorneys for Defendant Lowe's*
      *HIW, Incorporated*

### CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2008, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal and to the following CM/ECF Registrants:

Gil Shaw, Esq.
141 South McCormick, Suite 206
Prescott, Arizona 86303
*Attorney for Plaintiffs*

/S/ John D. Harris

THARPE & HOWELL
1202 EAST MISSOURI, SUITE 225
PHOENIX, ARIZONA 85014