**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anna L. Davis, et al, | ) | No. CV-08-8104-PCT-FJM |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lowes HIW, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it plaintiffs' "Renewed Application for Temporary Restraining Order, Preliminary Injunction" (doc. 15), defendant Lowes' "Response," and plaintiffs' "Reply." We have read each of the attachments, affidavits, and exhibits. We held oral argument on the motion and made extensive Findings of Fact and Conclusions of Law on the record under Rule 52(a), Fed. R. Civ. P. At the conclusion of the hearing, we granted plaintiffs' application and advised the parties that we would reduce the temporary restraining order to writing with an abbreviated version of our findings. This is that order.

Lowes decided to build a large home improvement warehouse center in Prescott right next to the plaintiffs' subdivision. Each of the plaintiffs own houses abutting Lowes' property. During the construction of Lowes' store, plaintiffs were subjected to noise, dust, fumes, and more, day and night. The noise was deafening. Plaintiffs are embarrassed by workers who urinate over the wall that separates the properties and yell in loud voices. Even

after the building was completed, the noise continued, because there were problems with the retaining wall that will take at least another six months to fix.

Wholly apart from the construction noise, Lowes' activities create noise that interferes with plaintiffs' use of their property day and night. They load and unload wood and steel products at all hours. Plaintiffs can hear Lowes' intercoms during the day and after closing. They are subjected to the noise of loud trucks and forklifts. The construction activity has produced so much dust that many of the plaintiffs are sickened by it. Trucks make beeping noises backing up and many trucks run their engines for long periods of time even at night. Sometimes these trucks create a constant engine drone from early morning until late afternoon and the diesel smell from the exhaust drifts over plaintiffs' property.

Lowes acknowledges that certain contractors performed construction work after 8:00 p.m. and before 6:00 a.m. But it argues that all the noise it creates is not unreasonable. It claims that it will comply with "all applicable statutes and ordinances concerning noise, zoning and construction." Response at 10. Lowes argues that as long as it complies with Prescott's noise ordinance, no action should lie by way of nuisance.

In order to grant a temporary restraining order, the applicant must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tip sharply in the applicant's favor. *Save Our Sonoran, Inc. v. Flowers,* 408 F.3d 1113, 1120 (9th Cir. 2003). We also, of course, consider the public interest.

Plaintiffs have satisfied both alternative formulations of the test. They have shown both a probability of success on the merits and the possibility of irreparable injury. They have also raised serious questions and the balance of hardships tip sharply in plaintiffs' favor. The noise, smell and dust is uncontroverted. One is liable for a private nuisance when one unreasonably interferes with another person's use and enjoyment of his property. The plaintiffs have endured constant noise and dust day and night. Their lives have been disrupted and they cannot even sleep. We reject Lowes' contention that merely by satisfying the City of Prescott's noise ordinance, it is immune from nuisance liability. Not so. The tort

of nuisance is defined by state, not municipal, law. While it is certainly necessary for Lowes to comply with the City of Prescott's noise ordinance, such compliance would not necessarily be sufficient to avoid liability for nuisance. When Lowes decided to put a large home improvement warehouse next to a residential subdivision, it assumed the risk that its operations would be limited by the law of nuisance. Municipal permits and compliance with local zoning ordinances, are necessary but independent of the law of nuisance.

The relative hardships also tip sharply in plaintiffs' favor. Plaintiffs continue to suffer badly. In contrast, granting a temporary restraining order against the defendant does no more than require the defendant to fulfill its obligations under the law, including the tort of nuisance. Finally, the public interest clearly supports the issuance of a temporary restraining order. The public has an interest in ensuring that no property owner creates a nuisance, and that residents are able to live and sleep in their houses unaffected by their neighbor's use of its land.

Accordingly, IT IS ORDERED GRANTING plaintiffs' "Renewed application for Temporary Restraining Order, Preliminary Injunction" (doc. 15). Because the defendant cannot be harmed by complying with the law, no security is required under Rule 65(c), Fed. R. Civ. P.

IT IS THEREFORE ORDERED enjoining defendant Lowes, its officers, agents, servants, employees, and other persons who are in active concert or participation with them from:

1. Any construction that does not comply with the City of Prescott's noise ordinance.

2. Unloading or moving materials after 10:00 p.m. or before 6:00 a.m.

3. Keeping bay doors open when moving materials inside the store. Such doors should be shut to muffle the sound.

4. Using the outside intercom after 10:00 p.m. or before 6:00 a.m.

5. Allowing trucks (including those delivering and picking up materials) to idle their engines for longer than five minutes when loading or unloading.

6. Allowing dust and debris to leave its property during construction activities and otherwise.

DATED this 31st day of October, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge