**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna L. Davis, an unmarried woman; Ronald E. Gerhart and Shirley M. Gerhart, husband and wife; S. Sue Harvey, an unmarried woman; Lois D. Pike, an unmarried woman; Linda Schwab, an unmarried woman; Keith R. Touw and Connie Touw, husband and wife; Margaret Valenta, an unmarried woman; Richard Wasmer, an unmarried man; James Helms and Caroline Helms, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> Lowe's HIW, Inc., a corporation; John Does I-V, Jane Does 1-5, Black Corporations I-V, White Partnerships I-V, <br><br> Defendants. | No. CV 08-8104-PHX-FJM <br><br> **ORDER** |

This action was originally filed in the Superior Court of Arizona in Yavapai County and was removed to the United States District Court for the District of Arizona based on diversity of citizenship. It has been set for a jury trial on January 12, 2010 in Prescott, Arizona (doc. 36). Defendant Lowe's HIW, Inc. ("Lowe's) moves to transfer the trial of this action from Prescott, Arizona to Phoenix, Arizona due to pretrial publicity. We have before us defendant's motion to transfer (doc. 51), plaintiffs Anna Davis, Richard and Shirley Gerhart, S. Sue Harvey, Lois Pike, Linda Schwab, Keith and Connie Touw, Margaret

1 | Valenta, Richard Wasmer, and James and Caroline Helms's response (doc. 54), and
2 | defendant's reply (doc. 56).

3 | This action stems from defendant's construction of a home improvement warehouse
4 | in Prescott, Arizona beginning in 2007. As part of the construction, defendant erected a
5 | mechanically stabilized earth wall adjacent to the store, which has suffered structural
6 | problems. Plaintiffs are residents in the community next to the store and bordering the wall.
7 | They bring this action for private and permanent nuisance, trespass, and negligence.
8 | Defendant claims that press coverage of the construction and this action has been so
9 | inflammatory and pervasive that it would not be able to receive an unbiased jury if the trial
10 | is held in Prescott, and moves to transfer this case to Phoenix under 28 U.S.C. § 1404(c) and
11 | LRCiv. 5.1(a).

12 | In civil cases, as with criminal cases, a defendant has a right to a panel of impartial
13 | jurors. See Rinker v. County of Napa, 724 F.2d 1352, 1354 (9th Cir. 1983) ("[T]he integrity
14 | of the jury system is no less to be desired in civil cases.") (quotation omitted); see also Sea
15 | Hawk Seafoods, Inc. V. Alyeska Pipeline Serv. Co., 206 F.3d 900, 906 (9th Cir. 2000)
16 | (concluding that precedents regarding jury impartiality in criminal cases apply equally to
17 | civil actions). Where an impartial jury cannot be seated due to "pretrial publicity or an
18 | inflamed community atmosphere," a trial judge must grant a party's motion for transfer of
19 | venue. Harris v. Pulley, 885 F.2d 1354, 1361 (9th Cir. 1988). The moving party, in this case
20 | defendant, bears the burden of showing that transfer is warranted. Gallego v. McDaniel, 124
21 | F.3d 1065, 1071 (9th Cir. 1997).

22 | Defendant does not attempt to show actual juror prejudice in this case, nor could it,
23 | because a jury has not yet been empaneled. It argues instead that prejudice should be
24 | presumed due to the pervasive and inflammatory pretrial publicity surrounding this action.
25 | Prejudice will only be "presumed when the record demonstrates that the community where
26 | the trial [is to be] held was saturated with prejudicial and inflammatory media publicity."
27 | Harris, 885 F.2d at 1361. Cases in which prejudice should be presumed are rare because
28 |

"'saturation' defines conditions found only in extreme situations." Jeffries v. Blodgett, 5 F.3d 1180, 1189 (9th Cir. 1993) (citation omitted).

To show saturation, defendant has provided a number of articles from the Prescott Daily Courier ("Daily Courier") and references three videos posted on the internet. Many of these articles disparage Lowe's and the wall, including statements that Lowe's: "rape[d] the land;" "robbed its neighbors of peaceful enjoyment of their homes;" and "topped a number of people's hit lists because of the scarred mountain behind the store that helped unseat a Prescott mayor and City Council member." Motion to Transfer, Exs. 2-4. Also, the building and repair of the wall and subsequent litigation was selected by the Daily Courier as the number five most popular story in 2007 and number seven in 2008. Motion to Transfer, Exs. 6 & 7. In addition, defendant has provided a survey of 200 registered voters in Yavapai County showing that 35% of the survey participants had heard of the collapse of the retaining wall and described the incident in negative terms. Motion to Transfer, Ex. 8 at 3.

We have reviewed the materials provided and, to be sure, some of the articles as well as comments in the survey show prejudice against Lowe's. The issue we must decide, however, is not whether the authors of these articles or survey respondents could serve as impartial jurors, but whether an impartial jury can be selected from the entire jury pool. See Gotbaum v. City of Phoenix, 617 F. Supp. 2d 878, 881-82 (D. Ariz. 2008). For trials in the Prescott division of the District of Arizona, a jury is selected from registered voters in Apache, Coconino, Mohave, Navajo, and Yavapai counties. Response, Ex. A. We are not persuaded at this point that the entire five county community from which the jury pool is to be drawn has been so saturated that an impartial jury cannot be selected. See Narten v. Eyman, 460 F.2d 184, 187 (9th Cir. 1969) (noting that "[t]he effect of pretrial publicity can be 'better determined after the voir dire examination of jurors.'").

The articles submitted by defendant also tend to show that the publicity surrounding the wall has lessened over time. Although older articles are available online, defendant has not shown that these online archives are widely read within the relevant five county area.

1  We cannot conclude, therefore, that the news coverage of this action amounts to a "'barrage
2  of inflammatory publicity immediately prior to trial' amounting to a 'huge . . . wave of public
3  passion.'" Harris, 885 F.2d at 1362 (quotation omitted). Moreover, "it is not required . . .
4  that the jurors be totally ignorant of the facts and issues involved." Irvin v. Dowd, 366 U.S.
5  717, 722, 81 S. Ct. 1639, 1642 (1961).

6  Defendant also claims that voir dire of the jury pool is insufficient to exclude biased
7  jurors, and supports this argument with a number of law review articles regarding the
8  ineffectiveness of voir dire. Most of these articles, however, address the ineffectiveness of
9  voir dire in general and are not necessarily limited to cases involving pretrial publicity. If
10 these articles are to be followed, a trial in Phoenix is just as likely to suffer problems of jury
11 selection as one in Prescott. We are confident that voir dire can be conducted in such a way
12 as to ensure that a fair and impartial jury panel is selected.

13 Defendant is entitled a fair and impartial jury. We believe that one can be selected
14 from the Prescott Division jury pool.

15 Accordingly, **IT IS ORDERED DENYING** defendant's motion to transfer (doc. 51).

16 DATED this 27th day of July, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -